No. 10,079.

HOEHNE DITCH CO., ET AL. *v.* MARTINEZ, ET AL.

Decided June 5, 1922.

Action to change the point of diversion of decreed water. Change decreed.

*Reversed.*

1.  WATER RIGHTS—*Change of Point of Diversion—Evidence.* In an action for a change of the point of diversion, evidence of the limited time of use of the water, acreage irrigated, and location

of the irrigated lands with reference to the stream, held competent.

2.  *Decree—Evidence.*  While an adjudication decree may not be modified after the time fixed by statute for questioning it, yet into every decree must be read a provision that it does not authorize waste or excessive use; and while the issue of abandonment may not be tried in a proceeding to change the point of diversion, the question of the use or non-use of the water sought to be transferred, may be considered.

3.  *Findings Not Supported by Evidence.*  Evidence in a proceeding for change of the point of diversion of decreed water reviewed and held not to support the finding of the court that the proposed change would not injuriously affect the vested rights of other appropriators on the stream.

4.  *Change of Point of Diversion—Burden of Proof.*  In an action for the change of point of diversion, the burden of proving that no injury to other appropriators would follow the proposed change, is upon petitioner.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Messrs. NORTHCUTT, FREEMAN and NORTHCUTT, for plaintiffs in error.

Mr. A. W. McHENDRIE, Mr. B. H. SHATTUCK, for defendants in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendants in error began a statutory proceeding to change the point of diversion of 1.8 cubic feet of water per second of time from the Antonio Lopez Ditch, having Priority No. 2 from the Las Animas River, to the headgate of the Baca Ditch, a point seven miles down the river.

Plaintiffs in error, owners of and users of water from the Hoehne Ditch, the headgate of which is three miles down the river from the Baca Ditch, protested the change. The court found that the change would not be injurious to the vested rights of the protestants, and entered judgment allowing the change to be made.  Error is alleged in

the rejection of evidence as to the amount of water used from the Lopez Ditch, and the time of such use. It is also urged that the findings are not supported by the evidence.

Plaintiffs in error offered evidence to prove that water was used from the Lopez Ditch only two hours a day, and that from the date of the decree to the day of trial, the petitioners and their grantors have never irrigated more than seventeen acres of land, and have never applied water to more than three acres of alfalfa. They offered also to show that all of the lands owned by petitioners are located in the river bed, and that only three acres of it can be irrigated. The court sustained objections to all these offers. The objection was founded, as stated by the objecting counsel, upon the proposition that the question of abandonment and nonuse, either before or subsequent to the decree, could not be considered.

This objection overlooks a distinction several times made by this court. We have held that while a decree may not be modified after the time fixed in the statute for questioning it, yet into every decree must be read a provision that only so much water is to be used as is necessary; that a decree for an excessive amount does not authorize waste or excessive use. It is also well settled that while an issue on abandonment may not be tried in a case like this, the question of the use or the nonuse of decreed water, a part of which appropriation is sought to be changed, may be considered.

Manifestly, if a portion of a decreed priority is not used, or is used excessively so that there is an appreciable return of water to the stream, and it is sought to take a portion of the decreed water out at a lower point interrupting the flow of the return waters which may be used to satisfy junior priorities, the amount of such return waters becomes very important. The court erred in sustaining these objections, as the protestants had the right to show the matters offered to be proved, as bearing upon the question above stated.

The court's findings relate wholly to seepage or return waters, and entirely ignore the matter of waters left in the river because of the fact that the consumers under the Lopez Ditch used water to only a small extent of the decreed appropriation. Manifestly, if they used water but two or three hours a day, and upon a small acreage, the greater part of the eight cubic feet belonging to that appropriation was left in the river. It can hardly be said that they were using the identical 1.8 cubic feet now sought to be diverted.

The court's findings are, of course, consistent with his rulings on the evidence. He having excluded the testimony as to what portion of the decreed appropriation was used, there was no reason to consider the effect of taking from the river through the Baca Ditch this excess water which has heretofore passed the Baca Ditch headgate, and been available at the headgate of the Hoehne Ditch.

The evidence in behalf of the petitioners was only the testimony of an engineer, who testified as an expert, and gave it as his opinion that the change would not affect the protestants' rights. On the other hand, the protestants, by testimony, showed a considerable seepage from the land irrigated from the Lopez Ditch, and further that the amount diverted to the Baca Ditch would be diverted at all times, twenty-four hours a day. In a question of this kind it is proper and material to show the use of the water proposed to be changed as originally diverted, and its use at the new point of diversion. The testimony is undisputed that a part of Priority No. 2 is and always has been used on sandy soil with a gravelly subsoil which naturally drains to the river.

Witnesses testified to having seen seepage from this water entering the river; and that the protestant ditch company did not at all times get the amount of water decreed to it and needed. The case is, in its general features, very like that of the *Baca Ditch Co. v. Coulson,* 70 Colo. 192, 198 Pac. 272, recently decided by this court. The testimony that there is seepage from these lands is

not disputed, and regardless of the excluded evidence, the findings of the court that the change would not injuriously affect the protestants is not supported by the evidence. The petitioners had the burden of proving that there would be no injury, and that burden has not been sustained.

The judgment is reversed and the cause remanded with directions for further proceedings in accordance with the views herein expressed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.